Charles M. RICHARDSON, Appellant,

v.

AMERICAN MOTORISTS INSURANCE
COMPANY et al., Appellees.

No. 23585.

United States Court of Appeals
Fifth Circuit.

May 27, 1968.

William McM. King, New Orleans, La., Jim W. Richardson, Jr., Bogalusa, La., Lancaster, King & Richardson, New Orleans, La., for plaintiff-appellant.

Robert E. Leake, Jr., William A. Porteous, III, New Orleans, La., for appellees.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

This action arose as the result of a collision involving automobiles operated by Appellant and by one William E. Bates, Jr. This appeal is taken from the judgment of the lower court dismissing Appellant's suit against Crown Zellerbach Corporation, from the jury verdict in favor of American Motorists Insurance Company, Bates' employer and insurer respectively, and from the order denying the motion for new trial. We affirm.

Appellant contends that the trial judge improperly permitted opposing counsel, on cross-examination, to question him regarding a traffic ticket received prior to the accident near the scene of the collision. It is normally improper to interject evidence of prior speeding convictions into a personal injury suit. In the present instance, however, where Appellant opened the door into this area by voluntarily asserting that he drove within the law, it was proper to use the speeding conviction to question the credibility of Appellant's testimony.

In answer to special interrogatories, the jury indicated that their verdict was based on the contributory negligence of Appellant. Such a verdict precludes relief against Bates' employer, Crown Zellerbach Corporation. Therefore, Appellant's second contention, that the trial judge improperly directed a verdict at the close of the evidence, is moot.

Affirmed.